CHRISTINA SULLIVAN
CA B# 328326
HACKING IMMIGRATION LAW, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
Telephone: (314) 961-8200
Facsimile: (314) 961-8201
E-mail: mailto:csullivan@hackingimmigrationlaw.com
csullivan@hackingimmigrationlaw.com

ATTORNEYS FOR PLAINTIFF: REEM FAHED HUBBI

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEM FAHED HUBBI, a U.S. Citizen,<br><br>  10312 Ensemble Way<br>  Elk Grove, CA 95757<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve: Executive Office<br>       Office of the Legal Adviser<br>       Suite 5.600<br>       600 19th St. NW<br>       Washington, DC 20522<br><br>U.S. EMBASSY IN AMMAN, JORDAN,<br><br>Serve: Executive Office<br>       Office of the Legal Adviser<br>       Suite 5.600<br>       600 19th St. NW<br>       Washington, DC 20522<br><br>ANTONY BLINKEN, United States Secretary of State,<br><br>Serve: Executive Office<br>       Office of the Legal Adviser<br>       Suite 5.600 | Case No.  2:22-cv-00657-TLN-KJN |

```
        600 19th St. NW
        Washington, DC 20522

and;

HENRY T. WOOSTER, Ambassador of the
United States at the U.S. Embassy in Amman,
Jordan,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

    Defendants.
```

**FIRST AMENDED COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S IMMIGRANT VISA APPLICATION**

Plaintiff Reem Fahed Hubbi respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed immediate relative visa application.

**PARTIES**

1. Plaintiff Reem Fahed Hubbi is a citizen of the United States.

2. Plaintiff's father Mahmoud Fahed is a citizen of Syria, currently residing in Syria.

3. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Amman, Jordan, and which is responsible for implementing the immigrant visa provisions of the law.

4. Defendant Embassy of the United States in Amman, Jordan, (hereinafter sometimes referred to as "the Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

5. Defendant Antony Blinken, the U.S. Secretary of State, is the highest ranking official within the DOS.  Blinken is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Blinken is sued in his official capacity as an agent of the government of the United States.

6. Defendant Henry Wooster, Ambassador of the Embassy of the United States in Amman, Jordan.  They are being sued in an official capacity as an agent of the government of the United States.

## **JURISDICTION AND VENUE**

7. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

8. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides in this district.

9. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to 's visa application.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. Reem Fahed Hubbi is the daughter of Mahmoud Fahed and is the immediate relative visa petitioner for Mahmoud Fahed's immigrant visa application.

11. Under federal immigration law, USCIS is authorized to approve an alien relative visa application filed by a U.S. citizen or lawful permanent resident status and to issue an immigrant visa to allow the alien relative to enter the U.S. and obtain lawful permanent resident status.

12. Mahmoud Fahed is a citizen of Syria. Syria is a predominantly Muslim country.

13. Reem Fahed Hubbi filed a visa petition for Mahmoud Fahed with the USCIS on December 19, 2019.

14. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

15. USCIS purportedly approved Plaintiff's I-130 immediate relative visa petition on May 21, 2020.

16. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. The NVC assigned Case Number DMS2020733001 to this case. Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. Embassy in Amman, Jordan, for an interview.

17. The State Department conducted Mahmoud Fahed's visa interview on or about December 14, 2021. Since that time, the agency has refused to issue a decision on this case.

18. Reem Fahed Hubbi has made repeated attempts to obtain a decision in this matter without involving this honorable Court. Plaintiff has contacted the consulate multiple times. This has led nowhere.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiff alleges and states as follows:

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. The Defendants have refused to adjudicate Plaintiff's application and to issue the requested visa application.

23. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

24. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as due to security concerns.

25. On information and belief, Plaintiff alleges that the Defendants are intentionally delaying a response to the DOS in regard to Mahmoud Fahed's visa application pursuant to the CARRP program. Plaintiff alleges that this delay is due to Fahed Mahmoud being from a predominantly Muslim country.

26. Upon information and belief, Plaintiff alleges that the USCIS and the DOS are and have been complicit in the delay in processing Mahmoud Fahed's visa application.

27. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

28. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-

abiding residents, like Mahmoud Fahed—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

29. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

30. Plaintiff alleges that Mahmoud Fahed's application has been in administrative processing beyond a reasonable time period for completing administrative processing of her visa application.

31. The combined delay and failure to act on Mahmoud Fahed's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

32. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

33. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

34. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

35. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

36. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

37. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing family separation between Plaintiff and Mahmoud Fahed, among other ways.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Reem Fahed Hubbi requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's immigration benefit applications;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Mahmoud Fahed's immigrant visa pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Mahmoud Fahed;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the visa application;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access

to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**

**April 14, 2022**

*/s/Christina Sullivan*
Christina Sullivan
CA B# 328326
HACKING IMMIGRATION LAW, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
Telephone: (314) 961-8200
Facsimile: (314) 961-8201
E-mail: csullivan@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**REEM FAHED HUBBI**